IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| HIGH DESERT INVESTORS 3, LLC | § § § | |
| Plaintiff, | § § | |
| v. | § § | No. _____ |
| AEW VALUE INVESTORS II, L.P., | § § | |
| Defendant. | § § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES Plaintiff HIGH DESERT INVESTORS 3, LLC. ("High Desert" or "HDI3"), complaining of Defendants AEW VALUE INVESTORS II, L.P. ("AEW"), and for cause of action would respectfully show the Court as follows:

### THE PARTIES

1. Plaintiff High Desert Investors 3, LLC. is a Delaware limited liability corporation with its principal place of business in El Paso, Texas. HDI3 operates the Holiday Inn – Sunland Park in El Paso, Texas.

2. Defendant AEW is now, and at all times mentioned in this Complaint has been, a limited partnership, duly organized and existing under the laws of the State of Delaware, and having its principal place of business at 2 Seaport Lane, Boston, Massachusetts, 02210-2001. Defendant AEW has no Certificate of Authority for doing business in the State of Texas. Although Defendant AEW engages in business in Texas, no agent has been designated for

service of citation, and it has no regular place of business in Texas. As set forth in this Complaint, this lawsuit arises out of Defendant AEW's purposeful acts in Texas and, therefore, the assumption of jurisdiction by this Court does not offend traditional notions of fair play and substantial justice. Accordingly, pursuant to Tex. Civ. Prac. & Rem. Code §§ 17.042 to 17.045, service of citation on Defendant AEW may be accomplished by serving the Secretary of State of Texas, at Service of Process, Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079, who will forward such citation by certified mail, return receipt requested to Defendant's registered agent in Delaware: Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801.

## JURISDICTION AND VENUE

3. This Court has diversity jurisdiction under 28 U.S.C. § 1332, since the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the suit is between citizens of this state and citizens or subjects of a foreign state.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, and the hotel property that is the subject of the action is located in this District.

## FACTUAL BACKGROUND

5. At all times relevant to this suit, HDI3 was the owner of the membership interests in HD Sunland Park Property, LLC, a Delaware limited liability company, which owns and operates a 175-room hotel project located at 900 Sunland Park Drive, El Paso, Texas, 79912, doing business as the Sunland Park Holiday Inn (the "Hotel Project"). The members of HDI3 are VB Hotel Group C, LLC ("VB Group"), Button US Investors Sunland Park, Inc. ("Button Investors"), Button US Manager Sunland Park, Inc. ("Button Manager"), (Button Investors and

Button Manager, together, "Button"), and ASI Capital, LLC ("ASI").  In December, 2016, when the fraudulent transfer occurred, ASI was not a member of HDI3, but MT Sunland Park Hotel, LLC, a Texas limited liability company ("MT Sunland" or "TVO Member"), which was a TVO-related entity, controlled by Russell Vandenburg, through its Manager, V3 Investment Partners, LLC.

6. On December 12, 2014, HD Sunland Park, as owner of the Hotel Project, entered into a Hotel Management Agreement (the "Agreement") with TVO Hospitality, L.L.C. ("TVO Hospitality"), a Russell Vandenburg controlled entity.

7. On December 22, 2016, VB Group, Button, and TVO Member entered into a First Amendment to Limited Liability Company Agreement of High Desert Investors 3 LLC, in which VB Member was added as a new member of HDI3, and on that day was required to make a capital contribution of $1,500,000.

8. The additional funds from VB Group were to be used to fund a Property Improvement Plan ("PIP") for the conversion of the hotel from a Country Inn & Suites to a Holiday Inn, in order to meet Holiday Inn brand standards.

9. At the direction of Russell Vandenburg, VB Group wired the total capital contribution of $1,500,000.00 ("the VB Wire") to the bank account of TVO Management Services, another TVO entity that primarily managed multifamily properties, but that TVO Hospitality used to sweep cash from various entities under TVO management.  The wire transfer was made to USBank Account Number 199380306175, which was in the name of TVO Management Services LLC, Operating Account, 221 N. Kansas, Floor 16, El Paso, TX 79901-1443 ("TVO MS Operating Account").  The VB Wire appears in the TVO MS Operating Account as a wire credit from Gonzalo Velasco, an owner of VB Group.

10. On December 21, 2016, the day before the deposit of the VB Wire, the TVO MS Operating Account had a balance of only $7,920.93, with no pending deposits. The VB Wire, which was designated for the Holiday Inn conversion PIP, was 86% of the deposits into the TVO MS Operating Account for the month of December, 2016.

11. Almost immediately after the deposit of the VB Wire, on the same day, December 22, 2016, TVO Management Services transferred $704,700.00 from the TVO MS Operating Account to USBank Account 199380423368, which is VIF II/Cypress Greens, LLC (TVO Management Services AAF – Depository Account). VIF II/Cypress Greens was another TVO controlled entity, also located at 221 N. Mesa, 16th Floor, El Paso, Texas. HDI3 had nothing to do with that entity, nor did any of its members other than TVO.

12. On the same day, December 22, immediately following the electronic funds transfer between the two USBank accounts for TVO entities, there was yet another wire transfer, from the VIF II/Cypress Green account, this time to AEW Value Investors II LP, ("AEW") to an account at JPMChase NYC, Account No. 161222024594, in the same amount that was transferred to the VIF II/Cypress Green account, $704,700.00. HDI3's members, other than TVO, had no relationship with AEW, and AEW was not a creditor of HDI3 or the Hotel Project.

13. It is HDI3's belief and understanding that AEW was an investor in the Cypress Green project, that TVO misappropriated money from that partnership, and AEW was owed money from that Cypress Green partnership, and that Russell Vandenburg fraudulently transferred $704,700.00 of the VB Wire to AEW in payment of Vandenburg or TVO debt from another project unrelated to the Hotel Project or HDI3. No TVO entity, or Vandenburg, had authority to use any funds from HDI3, or the Hotel Project, for any purposes other than the

operation of the Hotel Project, and certainly not to pay off prior debts of Russell Vandenburg or a TVO entity.

14. Accordingly, AEW was the transferee of almost half of the $1,500,000.00 cash infusion into the Hotel Project in El Paso, Texas, for the purpose of funding PIP, and that Russell Vandenburg, or his designee, attempted to conceal the transfer by first running it through another TVO account.

15. It was not until months later, in the fall of 2017, that HDI3 discovered that Vandenburg fraudulently transferred the VB Wire for the PIP, and was required to initiate another capital call in the amount of $1,000,000.00 in order to complete the PIP required for the conversion of the Hotel Property to a Holiday Inn.

## CAUSES OF ACTION

**Count One: Violation of the Texas Uniform Fraudulent Transfer Act ("TUFTA").**

16. Russell Vandenburg, and/or TVO Hospitality, and/or TVO Management Services, actually intended to hinder, delay, or defraud HDI3 and its non-TVO members by transferring to AEW funds from HDI3 without authority, sought to conceal the fraudulent transfer to other parties, the transfer was not for reasonably equivalent value, and TVO and Vandenburg became insolvent shortly afterwards.  As a proximate result of such conduct, AEW is liable to HDI3 under the Texas Uniform Fraudulent Transfer Act, Tex. Bus. & Com. Code §24.001 *et seq*.

**Count Two:  Constructive Trust.**

17. Defendant AEW holds, possesses, or manages funds that were fraudulently transferred to it from HDI3.  HDI3 seeks a constructive trust to be placed on AEW's account, and that the funds fraudulently transferred to AEW be repaid to HDI3 out of such constructive trust.

### ACTUAL DAMAGES

18.     Plaintiff has, as a proximate result of the conduct alleged, sustained actual damages including but not limited to the funds wrongfully obtained and withheld in the amount of $ 704,700.00 along with any other legally available damages, such as consequential damages, lost profits, inconvenience, expense, and delay, among other damages.

### ATTORNEY'S FEES, COSTS AND INTEREST

19.     In order to prosecute this action against the adverse parties, Plaintiff has been required to retain the services of the undersigned attorneys and will incur the fees and expenses of said attorneys in regard to this action.  Accordingly, pursuant to Tex. Bus. & Com. Code §24.013 and in the alternative under other relevant state or federal statutes applicable to the conduct and causes of action alleged herein, Plaintiff is entitled to recover its reasonable and necessary attorneys' fees incurred through trial and any appeal, together with such pre and post judgment interest as allowed by law.

### JURY DEMAND

20.     Plaintiff hereby demands a jury trial as provided by Fed. R.Civ. P. 38(a).

WHEREFORE, PREMISES CONSIDERED, Plaintiff High Desert prays that Defendant AEW be cited to appear and answer herein, and that on final trial of this case, Plaintiff has judgment against such Defendant for the following:

1.  For actual damages and disgorgement;

2.  For damages for violations of statutes and the common law, including any relevant statutory penalties and/or additional damages;

3.  For "any other relief the circumstances may require" (Tex. Bus. & Com. Code §24.08(a)(3)(C);

4.  All legally recoverable attorneys' fees, costs and expenses at trial and appeal;

5. Prejudgment interest at the legal rate;

6. Post-judgment interest at the legal rate;

7. Costs of court; and

8. Such other and further relief, general and special, legal and equitable, to which the Plaintiff may show itself justly entitled.

Respectfully submitted,

**DICKINSON WRIGHT PLLC**
221 North Kansas Street, Suite 2000
El Paso, Texas 79901
Tel: (915) 541-9322
Fax: (844) 670-6009

By: */s/ Mark C. Walker*
  **Mark C. Walker**
  Texas State Bar No. 20717320
  mwalker@dickinson-wright.com
  **Mario Franke**
  Texas State Bar No. 24074225
  mfranke@dickinson-wright.com
  **ATTORNEYS FOR PLAINTIFF**
  **HIGH DESERT INVESTORS 3, LLC.**